(18 Misc. Rep. 614.)

## FIRST NAT. BANK OF MANDAN v. GILMOR.

### (City Court of New York, General Term.· December 12, 1896.)

BILLS AND NOTES—FALSE REPRESENTATIONS—BURDEN OF PROOF.

A defense in an action against the maker of a note indorsed in blank, that the original holder obtained it by false representations, may be proved, though it is not first shown that plaintiff took the note with knowledge of that fact, or that he received the note as a gift, since, on sufficient proof thereof, plaintiff would have to show its good faith.

Action by the First National Bank of Mandan, N. D., against John D. Gilmor, on a promissory note. A verdict in favor of plaintiff was directed at the close of the evidence, and defendant moved for a new trial on exceptions ordered to be heard in the first instance at general term. Granted.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Albert H. Gleason, for plaintiff.

Albert Bach, for defendant.

VAN WYCK, C. J. This action is upon a promissory note made by defendant to his own order, and indorsed by him in blank, and by plaintiff's attorney produced at trial, and marked in evidence. The alleged defense was that this note was given in this city by defendant, in payment of the full purchase price of 20 horses, which were then in North Dakota, owned by the Riverside Ranch Company of that state, but were so purchased by defendant in this city from said company, to be thereafter shipped to him here; that said company, in order to induce him to make such purchase, falsely represented to him that all of said horses were sound, halter broke or broken, and weighed over 1,050 pounds,—that the majority of them weighed 1,300 pounds, and that each and every one was in the sixth year of age; and that these representations were false, in that 16 of the horses were not halter broke or broken, and were ungovernable, dangerous to handle, and worthless for use of any kind, in that a majority were either over or under six years of age, and in that many weighed less than 1,050 pounds, and none were so weighty as 1,300 pounds; and that, by reason of said false representations of said company, the defendant has been compelled to expend large sums of money in bringing said horses here from North Dakota, and in the care of said horses; and, finally, that he has sustained damage in the sum of $900. It is certain that the defendant would have had legal right to make proof of these allegations if the Riverside Ranch Company had been suing him upon the note, instead of the present plaintiff, whose attorney produced and had marked in evidence the note at the trial, and now contends that the note so produced and marked was in itself evidence sufficient to justify the court in refusing to allow the defendant to make proof of his allegations of false representations made at the time, and to secure the making and delivery of the note by him, unless the defendant should first make

proof that plaintiff had notice before it obtained the note that such false representations were made at the time of the inception of the note, or that plaintiff had received the note as a gift from the ranch company, and, to sustain such contention, states the rule to be:

"The note in question was indorsed in blank, and was, therefore, transferable by delivery without further indorsement. It was only necessary for the plaintiff to produce the note in evidence, and rest, for the reason that such production of the note was prima facie evidence of the title of the plaintiff; and, if it be payable after its date, the plaintiff holds it clothed with the presumption that it was negotiated, for value, in the usual course of business, at the time of its execution, and without notice of any equities between the prior parties to the instrument."

This correctly states the legal presumption from such evidence, but this presumption is not conclusive. Of course, until the maker had so far established that the note was obtained from him by false representations, and of his damages, as to raise a question of fact upon the point, the plaintiff was not bound to show the consideration or circumstances of his purchase, but would become bound to do that whenever the alleged false representations and damages should be sufficiently proved. The burden would then be shifted upon him of showing the facts and circumstances indicating a purchase for value, in good faith, and before maturity. The record shows that the defendant made proper effort to prove these allegations as to false representations, and was prevented by a ruling to which he excepted; and, in reviewing this ruling, it must be assumed that he would have substantiated every allegation of his answer in that regard, and such proof would have cast upon the plaintiff the burden of showing the bona fides of its holding; and, if it had then appeared that it had not paid anything for the note, it could have recovered only so much as the ranch company could if it were plaintiff. People who receive gifts of negotiable securities take them subject to all equities then existing between the original parties. Bank v. Wood, 128 N. Y. 41, 27 N. E. 1020. The plaintiff herein is the First National Bank of Mandan, N. D., and the letters written to its president and cashier by the New York bank should not have been excluded, as it was error to do so, for they were in answer to letters, in evidence, written by the Dakota bank to the New York bank, and all of these letters went to show that plaintiff had knowledge of the original transactions between defendant and the ranch company, and that this note of $1,000 was, under the original agreement, not to be paid except in installments, as the defendant might sell any of the horses for which it was given.

A new trial should be granted, with costs to appellant to abide the event. All concur.